# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE UNIFORM RESOURCE LOCATOR SERVICED BY HELLOSIGN | ML No. **21-ml-674** |

*Reference:*   DOJ Ref. # CRM-182-74665; Subject Account: https://app.hellosign.com/sign/37f4a9847fcbcaa9ebd769678778840b2d4c9138

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Council of Europe, Convention on Cybercrime, *opened for signature* Nov. 23, 2001, T.I.A.S. 13174, C.E.T.S. 185 (entered into force for the United States Jan. 1, 2007) (hereinafter, the "Convention"), to execute a request from the Portuguese Republic ("Portugal"). The proposed Order would require HelloSign ("PROVIDER"), an electronic communication service and/or remote computing service provider located in San Francisco, California, to disclose certain records and other information pertaining to the PROVIDER account(s) associated with the Uniform Resource Locator ("URL") **https://app.hellosign.com/sign/37f4a9847fcbcaa9ebd769678778840b2d4c9138**, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and other information to be disclosed are described in Part II of Attachment A to the

proposed Order.  In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d).  Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute Portugal's request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and

2

undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Portugal in connection with a criminal investigation and/or prosecution.

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5. Authorities in Portugal are investigating an unknown suspect(s) for fraud offenses, which occurred from July 2019 to September 2019, in violation of the criminal law of Portugal, specifically, Articles 217 and 218 of the Portuguese Criminal Code. A copy of the applicable laws is appended to this application. The United States, through the Office of International Affairs, received a request from Portugal to provide the requested records to assist in the criminal investigation and/or prosecution. Under the Convention, the United States is obligated to render assistance in response to the request.

6. According to authorities in Portugal, in July 2019, a Portuguese investor (the "Victim") became interested in making investments online. After researching various companies and completing some forms online, the Victim received several e-mail messages from the e-mail

---

executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

account updates@profit-btc.com, providing information on some allegedly very profitable investments with a company called ProCapitalMarkets. The messages also asked the victim to invest a minimum of EUR 250 (approximately USD 303) as a first deposit and provided the URL **https://app.hellosign.com/sign/37f4a9847fcbcaa9ebd769678778840b2d4c9138** with documents to register for an account.

7. On August 2, 2019, the Victim accessed the URL **https://app.hellosign.com/sign/37f4a9847fcbcaa9ebd769678778840b2d4c9138**. The Victim signed various documents found at the provided link, opened an account with ProCapitalMarkets, and made an initial deposit of EUR 500 (approximately USD 606) into the new investment account.

8. On August 6, 2019, the Victim was contacted via WhatsApp Messenger by an individual using the name of Mark Nielson ("Nielson"), who stated he was a representative of ProCapitalMarkets. Nielson instructed the Victim to install the AnyDesk application on his computer, which allowed Nielson to connect to the Victim's computer. According to the Victim, the purpose of installing the application was to allow Nielson access to buy litcoins (a type of bitcoin) on his behalf. Nielson provided International Bank Account Numbers for six bank accounts in Portugal, and the Victim transferred EUR 108,000 (approximately USD 130,912) into these bank accounts from August 2, 2019 to August 13, 2019.

9. Following the bank deposits, the Victim received another e-mail message from compliance@procapitalmarkets.com asking for EUR 23,051 (approximately USD 27,179), allegedly for a fee to recover the amount invested and the profits on his investment, which amounted to about EUR 153,676 (approximately USD 186,278). The Victim made this payment, but never received any of the alleged profits into his account and subsequently, his

account was depleted of all funds.

10. Based on statements provided by the Victim, he communicated with the e-mail address updates@profit-btc.com starting on July 26, 2019. After September 20, 2019, the Victim no longer was able to reach Nielson or anyone else at ProCapitalMarkets. According to Portuguese authorities, to date, the Victim did not recover any of his funds.

11. Accordingly, Portuguese authorities now seek certain records from PROVIDER for the URL **https://app.hellosign.com/sign/37f4a9847fcbcaa9ebd769678778840b2d4c9138**, serviced by PROVIDER, in order to identify and locate the unknown suspect(s).

## REQUEST FOR ORDER

12. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Portugal identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of

Attachment A to the proposed Order within ten days of receipt of the Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Ruxandra Barbulescu
Trial Attorney
NY Bar Number 2988228
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 300
Washington, D.C. 20530
(202) 305-4136 telephone
(202) 514-0080 facsimile
Ruxandra.Barbulescu@usdoj.gov

**Relevant Provisions of the Portuguese Criminal Code**

**Article 217 – Swindling**

1. Who, with the intention of obtaining for himself or for [another] the illegitimate enrichment, by mistake or mistake facts that he has astutely provoked, to determine others to commit acts that causes him, or to cause another person property damage, shall be imprisoned up to three years or with a fine.
…

**Article 218 - Qualified Fraud**

1. Any person who practices the act referred to paragraph 1 of the preceding article shall be punished, if the pecuniary loss is of value, with up to five years imprisonment or a fine up to 600 days.

2. The penalty is imprisonment of two to eight years if:
    a. The property damage is of a considerable high value;
   ...